BARNES, Judge,
dissenting.
I respectfully dissent. Although the commentary from the trial court here was not exactly artful and was unnecessarily harsh, I believe the court was within its discretionary parameters in rejecting Cline’s expungement request, with one possible correction.
As the majority recognizes, the ex-pungement statute for felonies above Class D or Level 6 provides only that a trial court “may” expunge a conviction upon proof of the statutory requirements; it does not mandate expungement. See Ind. Code § 35-38-9-4(e). Thus, whether to grant Cline’s expungement petition was within the trial court’s discretion. See Key, 48 N.E.3d at 337. The statute is silent regarding the factors a trial court may consider in deciding how to exercise its discretion when ruling on a non-mandatory expungement petition. I see nothing wrong in the trial court here having considered the seriousness of the offenses and the time period since Cline finished her probationary term when ruling on her petition. Additionally, the trial court had face-to-face interaction with Cline that we cannot have. To the extent the majority emphasizes reasons why the expungement *364 petition should have been granted, I believe it is reweighing the evidence and substituting its judgment for the trial court’s. Even if the expungement could have been granted on these facts, I do not believe the facts compelled granting it. See Rouster v. State, 705 N.E.2d 999, 1005 (Ind.1999) (noting that when reviewing denial of a discretionary motion, fact that trial court could have granted motion does not necessarily mean court abused its discretion in denying motion).
However, I would send this case back to the trial court for it to clarify how many convictions it believed Cline had. Although Cline originally stated in her ex-pungement petition that she had four convictions for Class C felony forgery and four convictions for Class B felony dealing in methamphetamine, the clear evidence presented at the expungement hearing demonstrated that she only had one conviction each for forgery and dealing in methamphetamine. The trial court’s order denying the expungement request erroneously refers to four convictions for each offense. I would remand this case for the trial court to correct its order in that regard and, if warranted, reconsider its order denying expungement in light of Cline having only two prior convictions, not eight.[2]

. It is unclear from the record whether the trial court relied in part on a mistaken belief in the number of Cline’s prior convictions when denying her expungement petition.